DM    FILED

AUG 1 5 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**POSTED ON WEB SITE**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                        )        Case No. 05-10567-B-7
                                             )
Nora J. Rivera,                              )        DC No. BL-6
                                             )
                    Debtor.                  )
_____)

**MEMORANDUM DECISION REGARDING APPLICATION FOR
ALLOWANCE AND PAYMENT OF INTERIM FEES AND EXPENSES**

Before the court is an application by the chapter 13 Debtor's attorney for allowance and payment of interim fees and expenses (the "Application"). Bruce D. Leichty, Esq., appeared on behalf of himself ("Applicant"). The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 329, 330, and 331. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). For the reasons set forth below, the Application will be granted in part and denied in part.

This bankruptcy was filed as a voluntary petition under chapter 13 on January 26, 2005. Debtor's third amended chapter 13 plan was confirmed on June 15, 2005. Pursuant to the Eastern District's Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases, effective July 1, 2003, applicable to cases filed between July 1, 2003, and October 16, 2005 ("Fee Guidelines"), Applicant waived the "no-look" fee for his services and elected to apply for approval of his fees pursuant to 11 U.S.C. §§ 329 and 330. Applicant requests compensation for 47.4 hours of time at the rate of $200 per hour for a total of $9,480. Applicant received a pre-petition retainer in the amount of $796. He now asks for an order approving those fees and directing that the difference, $8,684, be paid by the Debtor through the chapter 13 plan. Applicant also requested reimbursement for costs in the amount of $310.87, which will be approved. The Debtor, Nora Rivera,

*124*

1  consented to approval of the Application, however, the court has an independent duty to
2  review the reasonableness of fees requested by the Debtor's attorney.  See *In re*
3  *Montgomery Drilling Co.*, 121 B.R. 32, 35-36 (Bankr. E.D. Cal 1990).

4      The issue here relates to time Applicant spent opposing a motion for relief from
5  the automatic stay filed by the Internal Revenue Service (the "IRS Motion").  The IRS
6  sought relief to offset the Debtor's 2004 tax refund against the Debtor's tax liability for
7  prior years.  The Debtor's chapter 13 plan provided that the IRS' priority tax claim, in the
8  amount of $3,747.99 would be paid in full through the plan and the Debtor vigorously
9  opposed the Motion.  The IRS Motion was argued on July 14, 2005. This court granted
10  the Motion in a written decision filed on September 29, 2005 (the "IRS Ruling").  The
11  IRS Ruling, which sets forth the court's analysis of the Debtor's opposition, is
12  incorporated herein by reference.

13      The Applicant spent 7.0 hours on June 29 & 30, 2005, preparing an extensive
14  opposition to the IRS Motion.  In the IRS Ruling, the court noted, *inter alia*, that (1)
15  denial of the IRS Motion would have no apparent overall benefit for either party, and (2)
16  the Debtor's opposition appeared to be focused more on punishing the IRS rather than
17  achieving a beneficial result for the Debtor.  Nothing in the present Application changes
18  the court's view of that activity.  For the reasons set forth in the IRS Ruling, the court is
19  not persuaded that 7.0 hours of Applicant's time was necessary to the administration of
20  the case, reasonably likely to benefit the estate, or beneficial to the Debtor.  (11 U.S.C.
21  § 330(a)(4)(B)).

22      Applicant argues that his fees should be allowed because it was reasonable to
23  believe that denial of the IRS Motion would benefit the Debtor.  § 330(a)(4)(A); see also
24  *Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R.
25  103, 107-08 (9th Cir. BAP 2000).  (Section 330 does not require that a professional's
26  services actually result in a material benefit, so long as it is shown that the services were
27  reasonably likely to result in a benefit at the time they were rendered.)  The court
28  disagrees.  One reason that the court granted the IRS Motion was its conclusion that the

Debtor would benefit from the granting of relief, not the denial of relief.  Once the IRS was allowed to offset the tax refund against its priority tax claim, the Debtor's burden to pay the priority claim in full was substantially reduced, thereby increasing the likelihood that the Debtor could successfully complete the chapter 13 plan and receive a discharge of her debts.  Indeed, the record shows that the IRS did subsequently amend and reduce its priority claim to $838. 71.  Shortly after the court granted the IRS Motion, the Debtor stipulated with the chapter 13 trustee to reduce the plan payments by $100 per month.[1]

Paradoxically, Applicant also argues that his fees should be allowed because the Debtor benefitted from the granting of relief to the IRS and the subsequent reduction of chapter 13 plan payments.  The logic of this argument escapes the court.  The Debtor did not benefit because the Applicant spent 7.0 hours opposing the IRS Motion, the Debtor benefitted because the court rejected Applicant's efforts to oppose the IRS Motion.

Finally, Applicant argues that he opposed the IRS Motion at the Debtor's request, that he felt obligated to represent his client, and that he personally should not be penalized for that effort by having his fees denied.  Again, the court can find no merit to this argument.  Applicant made a similar argument, under substantially similar circumstances, in a prior case where he represented a chapter 7 trustee, *Leichty v. Neary (In re Strand)*, 375 F.3d 854 (9th Cir. 2004).  In *Strand*, Applicant filed, on behalf of the trustee, an adversary proceeding against the IRS after the IRS attempted to offset the debtor's tax refund against the priority tax claim.  The trial court granted relief for the IRS on the grounds, *inter alia*, that the requested relief, reversal of the setoff, served no real purpose, and would not result in a material benefit of the estate.

Following that litigation, the United States Trustee objected to Applicant's final fee application and specifically to the fees incurred for prosecuting the adversary

---

[1]The IRS Ruling provided that the IRS shall amend its priority claim after offsetting the refund, and that the Debtor and the Trustee could stipulate to reduce the plan payments without the need for a modified plan or noticed hearing.

1    proceeding against the IRS.  The trial court reduced the disputed fees by one-half.  On

2    appeal, Applicant argued that he had prosecuted the IRS litigation at the request of his

3    client, the chapter 7 trustee, and that he was being unfairly penalized for that effort,

4    whereas his client, the trustee, was not.  The Ninth Circuit rejected this argument

5    completely:

6    > Despite his perceived unfairness of the award, Leichty is ultimately responsible for
     > his own actions.  As the Ninth Circuit Bankruptcy Appellant Panel stated in
7    > *Digesti & Peck v. Kitchen Factors, Inc. (In re Kitchen Factors, Inc.)*, "[i]f the
     > trustee . . . insists on pursuing collection efforts in a manner which is not cost-
8    > effective, then counsel should seek to withdraw or, at least, recommend that the
     > client secure a second legal opinion."  143 B.R. 560, 563 (B.A.P. 9th Cir.1992)
9    > (citation omitted).  Leichty, at the very least, acquiesced in the decision to pursue
     > the IRS litigation.  Although the record contains a declaration submitted by the
10   > Trustee in support of Leichty's application for fees, the declaration contains no
     > indication that Leichty ever discussed with the Trustee the potential costs and risks
11   > of undertaking the litigation. . . . Therefore, Leichty is responsible for his role in
     > the litigation.

12

13   *In re Strand*, 375 F.3d at 859.

14        In this ruling, the court is not disallowing all of the fees requested by the Applicant

15   in connection with the tax offset issue, only those fees incurred, as detailed above, in

16   preparation of the Debtor's opposition to the IRS Motion.  The court appreciates that

17   chapter 13 tax disputes generally do not get resolved without some time and effort;

18   indeed, when the tax offset issue first arose, that is exactly what Applicant was obligated

19   to do for his client.

20        However, in the court's view, a beneficial resolution of the tax offset issue, as

21   ultimately realized after the IRS Ruling, could have and should have been achieved

22   through reasonable negotiation and stipulation.  The IRS should not have been required to

23   file the IRS Motion in the first place and the Debtor should not have opposed it once it

24   was filed.  In addition to the 7.0 hours disallowed herein, Applicant's time records reveal

25   that Applicant did spend time communicating with the IRS and working to resolve the

26   IRS matter.  Those time entries are listed as follows:

27   / / /

28   / / /

4

| Date | Description of Services | Time Requested |
|---|---|---|
| 2/20/05 | Review notices of levy, filing and prepare letter to IRS. | 0.3 |
| 3/04/05 | Telephone call Connie at IRS. | 0.1 |
| 3/08/05 | Telephone conference with N. Rivera and prior telephone call L. Rackley at IRS. | 0.1 |
| 4/01/05 | Telephone call L. Rackley at IRS. | 0.1 |
| 5/04/05 | Telephone call L. Rackley at Internal Revenue Service. | 0.1 |
| 5/10/05 | Telephone call L. Rackley. | 0.1 |
| 6/09/05 | Review fax and telephone call J. Whitten. | 0.1 |
| 7/14/05 | Travel to and from [court] (.6) and appear at hearing on IRS motion and Rivera motion (.5). | 1.1 |
| 10/03/05 | Review Judge Lee's Decision and prepare letter to N. River re: same. | 0.5 |
| 10/06/05 | Telephone calls Enmark office/Peggy (.2), prepare Stipulation (.3), prepare letter to N. Enmark (.1). | 0.6 |
| Total hours | | 3.1 |

In summary, it appears that Applicant spent approximately 3.1 hours communicating with the IRS, communicating with the Debtor regarding the IRS, and working out a beneficial resolution with the chapter 13 trustee. The court finds that these services were reasonable and necessary and those fees are included in the court's award.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

**Conclusion.**

Based on the foregoing, the Application for Allowance and Payment of Interim Fees and Expenses will be approved in the amount of 40.4 hours for a total fee of $8,080 plus costs in the amount of $310.87. Applicant's fees in the amount of $1,400 will be disallowed. The Applicant may apply his retainer in partial satisfaction of this award. The balance shall be paid through the chapter 13 trustee.

Dated:    August __/5__, 2006

W. Richard Lee
United States Bankruptcy Judge

6

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**CERTIFICATE OF MAILING**


    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Nora J. Rivera
402 N Marion
Fresno, CA 93727

Bruce D. Leichty
625-A 3rd St
Clovis, CA 93612

05-10567-B-13F
RIvera


M. Nelson Enmark
3447 W Shaw Ave
Fresno, CA 93711

Office of the U.S. Trustee
2500 Tulare St #1401
Fresno, CA 93721


**DATED:** August 16, 2006    **By:** _____
                        **Deputy Clerk**

**EDC 3-070 (New 4/21/00)**